FILED
CLERK
11:36 am, Oct 14, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMAUL WEEKES,

                  Plaintiff,

    -against-

GEORGE M. GRECO, JR.,

                  Defendant.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-5842 (JMA) (AYS)

**AZRACK, United States District Judge:**

        Before the Court is the in forma pauperis ("IFP") application filed by pro se plaintiff Jamaul Weekes ("Plaintiff"). (ECF No. 2.) For the following reasons, the application is DENIED without prejudice and with leave to renew upon completion of the AO 239 Long Form application (the "Long Form"). Alternatively, Plaintiff may remit the $402.00 filing fee.

        The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. See Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted). To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citation omitted). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

        Plaintiff's IFP application does not include sufficient information for the Court to evaluate

Plaintiff's financial status. Plaintiff reports bi-weekly gross wages of $470.00 but fails to provide his employer's name and address. (ECF No. 2 at ¶ 2.) He indicates that he has not received income from any other source in the last twelve months, and he reports having $140.00 in cash or in an account and no assets. (Id. at ¶¶ 3–4.) As for expenses, Plaintiff wrote "N/A" but also "car & rent 800 monthly." (Id. ¶ 6.) Wholly absent are any expenses associated with the car, such as gas and insurance, or other necessities such as food and utilities. Plaintiff also reports that he has a five-year-old child who is dependent upon him for financial support, but he fails to state the amount of financial support that he provides.[1] (Id. ¶ 7.) He reports no debts other financial obligations. (Id. ¶ 8.)

Plaintiff can better set forth his current financial position on the Long Form. Accordingly, the present application is denied without prejudice and with leave to renew on the Long Form. Plaintiff shall file the completed Long Form within fourteen days from the date of this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.[2] Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of his Complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

---

[1] Although the IFP application requires that persons under the age of eighteen be identified by their initials only, Plaintiff included his child's full name. (Id. ¶ 7.) In any future filings, Plaintiff is reminded to refer to any minor children by their initials only.

[2] Plaintiff is cautioned that there are no refunds of the filing fee once paid, regardless of the outcome of the case. Accordingly, Plaintiff is well-advised to consider the substance of his Complaint and the requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is encouraged to avail himself of the free resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School, and he may reach the Program by telephone at 631-297-2575 or by e-mail at PSLAP@hofstra.edu.

     The Clerk of Court shall mail a copy of this Order and the AO 239 Long Form application to the Plaintiff at his address of record.

**SO ORDERED**.

Dated:    October 14, 2022
           Central Islip, New York                          /s/ (JMA)
                                                                  JOAN M. AZRACK
                                                                  UNITED STATES DISTRICT JUDGE